DAVID G. FREEDMAN (Bar No. 81989)
Attorney at Law
1800 Century Park East, 8th Fl.
Los Angeles, California 90067
Telephone:    (310) 553-2121
Facsimile:    (310) 553-2111
E-mail:    dgf@dfreedman.net

**E-FILING**

FILED

2008 APR -9 A 11: 32

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CALIF.

Attorney for Plaintiff
STARLIGHT INTERNATIONAL, LTD.
LP

**ADR**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

**C08   01894   RS**

| | |
|---|---|
| STARLIGHT INTERNATIONAL, LTD. LP, a California Limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>LIFEGUARD HEALTH, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br><br>**1. TRADEMARK INFRINGEMENT IN VIOLATION OF LANHAM ACT**<br><br>**2. COMMON LAW TRADEMARK INFRINGEMENT**<br><br>**3. UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Starlight International, Ltd. LP alleges:

### JURISDICTION

1.     This is an action for violations of the Lanham Act, 15 U.S.C. §§1051 et seq., common law trademark infringement, and unfair competition.  The court has federal question jurisdiction under 15 U.S.C. §1121 and 28 U.S.C. §1338(a) in that this case arises under the trademark laws of the United States, 15 U.S.C. §§1051 et seq.  The court has jurisdiction of the common law trademark infringement and unfair competition claims under the provisions of 28 U.S.C. §1338(b) in that such claims are joined with a substantial and related claim under the trademark laws of the United States.

1

## VENUE

2.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c), as defendant is subject to personal jurisdiction is this state and because a substantial portion of the events giving rise to this action occurred in this district.

## INTRADISTRICT ASSIGNMENT

3.      This action is assigned to the court's San Jose Division because it arises in the county of Monterey.

## FIRST CLAIM FOR RELIEF

### Infringement of Trademark Rights In Violation of Lanham Act

### (15 U.S.C. §§ 1114, 1116, 1125(a))

4.      Plaintiff Starlight International, Ltd. LP is a limited partnership organized and existing under the laws of the State of California with its principal place of business in Monterey, California.

5.      Defendant Lifeguard Health, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Plymouth Meeting, Pennsylvania.

6.      On or about November 1, 1994, plaintiff adopted the mark "LIFEGUARD" and has used it in interstate commerce for dietary tablets and supplements ever since. Plaintiff filed an application for registration of such mark in the United States Patent and Trademark Office and October 1, 2001, the mark was registered in the United States Patent and Trademark Office on the Principal Register covering the use of the mark on dietary tablets, namely a dietary supplement. A copy of the registration is attached hereto and marked Exhibit "A." This registration is now outstanding and valid.

7.      In or about June 1996, plaintiff adopted the mark "LIFEGUARD JUNIOR" and has used it in interstate commerce for dietary tablets and supplements ever since. Plaintiff filed an application for registration of such mark in the United States Patent and Trademark Office and November 20, 2001, the mark was registered in the United States Patent and Trademark Office on the Principal Register covering the use of the mark for

1  chewable dietary tablets, namely a dietary supplement for children. A copy of the

2  registration is attached hereto and marked Exhibit "B." This registration is now outstanding

3  and valid.

4        8.    In or about June 1996, plaintiff adopted the design mark "LIFEGUARD

5  JUNIOR" and has used it in interstate commerce for dietary tablets and supplements ever

6  since. Plaintiff filed an application for registration of such mark in the United States Patent

7  and Trademark Office and November 20, 2001, the mark was registered in the United States

8  Patent and Trademark Office on the Principal Register covering the use of the mark for

9  chewable dietary tablets, namely a dietary supplement for children. A copy of the

10  registration is attached hereto and marked Exhibit "C." This registration is now outstanding

11  and valid.

12        9.    On or about July 15, 2000, plaintiff adopted the mark "LIFEGUARD JOINT

13  FORMULA" and has used it in interstate commerce for dietary tablets and supplements ever

14  since. Plaintiff filed an application for registration of such mark in the United States Patent

15  and Trademark Office and February 19, 2002, the mark was registered in the United States

16  Patent and Trademark Office on the Principal Register covering the use of the mark for

17  chewable dietary tablets, namely a dietary supplement for children. A copy of the

18  registration is attached hereto and marked Exhibit "D." This registration is now outstanding

19  and valid.

20        10.    Plaintiff has, since on or about the dates alleged above, used the above-

21  described marks to identify its products and to distinguish them from those made and sold by

22  others, by, among other things, prominently displaying the mark on the products and their

23  containers, and on its website and advertising materials.

24        11.    Defendant has infringed plaintiff's mark in interstate commerce by various

25  acts, including operating a web site under the name "Lifeguardforlife.com" and using the

26  mark "Lifeguard" to sell, offer for sale, and advertise dietary tablets and supplements

27  products under that name. The use of such name by defendant is without permission or

28  authority of plaintiff and is likely to cause and has caused confusion, mistake, and deception.

12.    Defendant's alleged acts of trademark infringement have been committed with the intent to cause confusion and mistake and to deceive.

13.    Since the dates its marks were registered, plaintiff has given notice that its marks are registered in the United States Patent and Trademark Office by displaying with the marks as used the letter R enclosed within a circle.

14.    Plaintiff has requested defendant to cease and desist from its acts of trademark infringement and has given defendant actual notice of plaintiff's registration, but defendant has refused to cease such acts.  Plaintiff will continue to suffer irreparable harm unless and until the court enjoins defendant from further acts of infringement.

## SECOND CLAIM FOR RELIEF

### Common Law Trademark Infringement

15.    Plaintiff repeats and incorporates the allegations set forth above in paragraphs 1 through 13.

16.    In addition to the federal trademark registrations owned by plaintiff, plaintiff also owns the marks and enjoys common law rights in California and throughout the United States that are superior to any right that defendant may claim.

17.    The use of such marks by defendant is without permission or authority of plaintiff and is likely to cause and has caused confusion, mistake, and deception.

18.    Plaintiff has requested defendant to cease and desist from its acts of trademark infringement and has given defendant actual notice of plaintiff's registration, but defendant has refused to cease such acts.  Plaintiff will continue to suffer irreparable harm unless and until the court enjoins defendant from further acts of infringement.

## THIRD CLAIM FOR RELIEF

### Unfair Competition

### (California Business & Professions Code §§17200, 17203)

19.    Plaintiff repeats and incorporates the allegations set forth above in paragraphs 1 through 13.

20.    Plaintiff's marks are wholly associated with plaintiff due to its extensive use of

4

1    them, and as such, plaintiff is deprived of having its marks adequately protected with respect

2    to the conduct of its business.

3        21.    Defendant's use of plaintiff's marks constitutes unfair competition in that

4    customers and would-be customers are likely to be and are confused concerning the origin of

5    products using the same marks in the marketplace.

6        22.    Defendant's acts constitute unfair competition in violation of California

7    Business & Professions Code §§17200 and 17203.

8        23.    Defendant's acts of unfair competition were undertaken intentionally and

9    knowingly and were directed toward perpetuating a business competing unfairly with

10    plaintiff and were done with a willful disregard for the rights of plaintiff.

11        24.    Plaintiff will continue to suffer irreparable harm unless and until the court

12    enjoins defendant from further acts of unfair competition.

13        25.    Defendant has acted fraudulently, oppressively, and maliciously, and by such

14    reason plaintiff is entitled to punitive damages.

15        Wherefore, plaintiff prays for judgment as follows:

16        1.    That this court grant an injunction pursuant to the powers granted it under 15

17    U.S.C. §1116, enjoining defendant and its agents, servants, and employees from directly or

18    indirectly using the name "Lifeguard" or any mark, word, or name similar to plaintiff's

19    marks which are likely to cause confusion or mistake or to deceive;

20        2.    That this court, pursuant to the power granted it under 15 U.S.C. §1118, order

21    that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the

22    possession of defendant bearing the mark "Lifeguard" and all plates, molds, and other means

23    of making the same shall be delivered and destroyed;

24        3.    That defendant be required to account to plaintiff for any and all profits

25    derived by defendant from the sale of its goods and for all damages sustained by plaintiff by

26    reason of the acts of infringement and unfair competition complained of;

27        4.    That the court award plaintiff treble the amount of actual damages suffered by

28    plaintiff, pursuant to 15 U.S.C. §1117, or that the court award plaintiff punitive and

1    exemplary damages by reason of defendant's fraud and palming off;

2        5.    For costs of this action;

3        6.    For reasonable attorney fees; and

4        7.    For such other and further relief as the court shall deem just and proper.

5

Dated:  April 8, 2008

6                                                    _____

7                                                    David G. Freedman
                                                     Attorney for Plaintiff
8                                                    Starlight International, Ltd. LP

9

10                          **DEMAND FOR JURY TRIAL**

11        Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff Starlight

12    International, Ltd. LP hereby demands a trial by jury.

13

14    Dated:  April 8, 2008                          _____

15                                                    David G. Freedman
                                                     Attorney for Plaintiff
16                                                    Starlight International, Ltd. LP

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Int. Cl.: 5

Prior U.S. Cls.: 6, 18, 44, 46, 51 and 52

## United States Patent and Trademark Office

**Reg. No. 2,501,221**
Registered Oct. 30, 2001

## TRADEMARK
### PRINCIPAL REGISTER

## LIFEGUARD

STARLIGHT INTERNATIONAL, LTD. LP (CALI-
FORNIA LIMITED PARTNERSHIP)
80 GARDEN COURT
SUITE 100
MONTEREY, CA 93940

FOR: DIETARY TABLETS, NAMELY A DIETARY
SUPPLEMENT, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51
AND 52).

FIRST USE 11-1-1994; IN COMMERCE 11-1-1994.

SER. NO. 75-597,470, FILED 12-1-1998.

ALEXANDER L. POWERS, EXAMINING ATTOR-
NEY

Int. Cl.: 5

Prior U.S. Cls.: 6, 18, 44, 46, 51 and 52

**United States Patent and Trademark Office**

Reg. No. 2,508,431

Registered Nov. 20, 2001

## TRADEMARK
## PRINCIPAL REGISTER

## LIFEGUARD JUNIOR

STARLIGHT INTERNATIONAL, LTD. LP (CALI-
FORNIA LIMITED PARTNERSHIP)
80 GARDEN COURT
SUITE 100
MONTEREY, CA 93940

FOR: CHEWABLE DIETARY TABLETS, NAMELY
A DIETARY SUPPLEMENT FOR CHILDREN, IN
CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 6-0-1996; IN COMMERCE 6-0-1996.

SER. NO. 75-620,528, FILED 1-13-1999.

ALEXANDER L. POWERS, EXAMINING ATTOR-
NEY

Int. Cl.: 5

Prior U.S. Cls.: 6, 18, 44, 46, 51 and 52

Reg. No. 2,508,442

## United States Patent and Trademark Office

Registered Nov. 20, 2001

### TRADEMARK
### PRINCIPAL REGISTER



STARLIGHT INTERNATIONAL, LTD. LP (CALI-
FORNIA LIMITED PARTNERSHIP)
80 GARDEN COURT, SUITE 100
MONTEREY, CA 93940

FOR: CHEWABLE DIETARY TABLETS, NAMELY
A DIETARY SUPPLEMENT FOR CHILDREN, IN
CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 6-0-1996; IN COMMERCE 6-0-1996.

SER. NO. 75-630,790, FILED 1-29-1999.

ALEXANDER L. POWERS, EXAMINING ATTOR-
NEY

Int. Cl.: 5

Prior U.S. Cls.: 6, 18, 44, 46, 51 and 52

## United States Patent and Trademark Office

**Reg. No. 2,539,748**
Registered Feb. 19, 2002

## TRADEMARK
### PRINCIPAL REGISTER

## LIFEGUARD JOINT FORMULA

STARLIGHT INTERNATIONAL, LTD. LP (CALI-
FORNIA LIMITED PARTNERSHIP)
80 GARDEN COURT, SUITE 100
MONTEREY, CA 93940

FOR: DIETARY SUPPLEMENTS IN THE NAT-
URE OF TABLETS TO ASSIST THE PERFORMANCE
OF JOINTS IN THE HUMAN BODY, IN CLASS 5
(U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 7-15-2000; IN COMMERCE 7-15-2000.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "JOINT FORMULA", APART FROM
THE MARK AS SHOWN.

SER. NO. 76-116,040, FILED 8-24-2000.

TIMOTHY FINNEGAN, EXAMINING ATTORNEY

# CIVIL COVER SHEET

JS 44 (Rev. '07) (cand rev 1-16-08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Starlight International, Ltd. LP

## DEFENDANTS
Lifeguard Health, LLC

**(b)** County of Residence of First Listed Plaintiff _____ County CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

DAVID G. FREEDMAN
1800 Century Park East, 8th Fl.
Los Angeles, California 90067
310-553-2121

Attorneys (If Known)

ADR

C08 01894 RS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [X] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | **LABOR** | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | | [ ] 710 Fair Labor Standards Act | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | | [ ] 720 Labor/Mgmt. Relations | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | **SOCIAL SECURITY** | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 861 HIA (1395ff) | [ ] 740 Railway Labor Act | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 862 Black Lung (923) | [ ] 790 Other Labor Litigation | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence Habeas Corpus: | [ ] 863 DIWC/DIWW (405(g)) | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 530 General | [ ] 864 SSID Title XVI | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 535 Death Penalty | [ ] 865 RSI (405(g)) | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 540 Mandamus & Other | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities— Employment | [ ] 550 Civil Rights | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities— Other | [ ] 555 Prison Condition | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | | [ ] 462 Naturalization Application | | |
| | | | [ ] 463 Habeas Corpus — Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §§ 1114, 1116, 1125(a)

Brief description of cause:
Trademark infringement

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
- [ ] SAN FRANCISCO/OAKLAND
- [X] SAN JOSE

DATE
April 8, 2008

SIGNATURE OF ATTORNEY OF RECORD