**White and Williams LLP**
**Lawrence J. Bistany (Bar No. 75846)**
**1800 One Liberty Place**
**Philadelphia, PA 19103-7395**
**Phone: 215.864.6306**
**Fax: 215.789.7506**
**E-mail: bistanyl@whiteandwilliams.com**

**Attorneys for Defendant,**
**Lifeguard Health LLC**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| STARLIGHT INTERNATIONAL LTD. LP, a California Limited Partnership<br><br>Plaintiff,<br><br>v.<br><br>LIFEGUARD HEALTH LLC, a Delaware Limited Liability Company<br><br>Defendant. | Case No. C08 01894 RS<br><br>**DEFENDANT LIFEGUARD HEALTH LLC'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TRANSFER VENUE TO PENNSYLVANIA**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Judge: The Hon. Richard Seeborg<br>Date: June 25, 2008<br>Time: 9:30am<br>Courtroom: 4, 5th Floor |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................................... ii

I.      RELEVANT FACTS ........................................................................................ 1

II.     ISSUE ............................................................................................................. 1

III.    THIS ACTION SHOULD BE DISMISSED OR,  IN THE ALTERNATIVE,
        TRANSFERRED BECAUSE THIS COURT LACKS PERSONAL JURISDICTION
        OVER LIFEGUARD HEALTH, LLC ............................................................. 2

        A.      Personal Jurisdiction – Legal Standard .............................................. 2

        B.      Absence of Lifeguard's Contacts with California ................................ 4

        C.      Lifeguard's Website Does No Subject it to Jurisdiction in California ...... 4

                1.      Interactiveness of Lifeguard's Website ................................... 5

                2.      Lifeguard Does Not Advertise on the Internet and Does Not Direct its
                        Advertising Activities to California Residents .......................... 7

                3.      The Low Volume of Lifeguard's sales to California Customers ........ 7

                4.      The Frequency of Sales to California Customers ...................... 9

        D.      Personal Jurisdiction in California is not Reasonable ............................. 9

IV.     CONCLUSION ............................................................................................. 11

i

1

# TABLE OF AUTHORITIES

2

## CASES

3

Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc., 1 F.3d 848 (9th Cir. 1993)....................8, 9

4

Bancroft & Masters, Inc. v. August Nat. Inc., 223 F.3d 1082 (Cal. 2000).......................3

5

Brand v. Menlove Dodge, 796 F.2d 1070 (9th Cir. 1986)...........................................3

6

Coremetrics, Inc. v. Atomic Park.com, LLC, 370 F. Supp. 2d 1013 (N.D.Cal. 2005)..............3, 5,

6, 7,  8, 9, 10

7

Doe v. Unocal Corp, 248 F.3d 915 (9th Cir. 2001) ................................................2

8

ESAB Group, Inc. v. Centricut, 34 F. Supp. 2d 323 (D.S.C. 1999) ...............................8

9

Fischer v. U.S., 2003 WL 21262103 (C.D. Cal. 2003).............................................2

10

Gordy v. Daily News, L.P., 95 F.2d 829, 831 (9th Cir. 1996).....................................2

Gorman v.Ameritrade Holding Corp., 293 F.3d 506 (C.A.D.C. 2002) ..........................6

11

Helicopteros Nacionales de Colombia, S.A. v. Hall, 104 S. Ct. 1868 (1984) ....................2

12

Hockerson-Halberstadt, Inc. v. Propet USA, Inc., 62 Fed.Appx. 322 (Fed.Cir.2003) ...................7

13

Injen Tech. Co. Ltd. v. Advanced Engine Mgmt., 270 F. Supp. 2d 1189 (S.D.Cal. 2003).............7

14

Int'l Shoe Co. v. Wash., 66 S. Ct. 154 (1945)................................................2, 3

Molnlycke Health Care AB v. Dumex Med. Surgical Prods. Ltd., 64 F. Supp. 2d 448

15

(E.D.Pa.1999)...........................................................................5

16

PTI, Inc. v. Philip Morris Inc., 100 F. Supp. 2d 1179 (C.D.Cal. 2000)...........................4

17

Schwarzeneggar v. Fred Martin Motor Co., 374 F.3d 797 (9th Cir. 2004) ............................2, 3, 4

18

Shute v. Carnival Cruise Lines, 897 F.2d 377 (9th Cir. 1990) ....................................4, 7

Estate of Stephen Bank v. Swiss Valley Farms Co., 286 F. Supp. 2d 514 (D.Md.2003)...............5

19

World-Wide Volkswagon Corp. v. Woodson, 100 S. Ct. 559 (1980) .............................3

## OTHER AUTHORITIES

20

21

16 Cal. Juris. 3d Courts § 128 (2008).........................................................3

22

Federal Rule of Civil Procedure 12(b)(2) .....................................................2

23

24

25

26

27

Defendant Lifeguard Health, LLC ("Lifeguard") submits this brief in support of its Motion to Dismiss or, In The Alternative, Transfer Venue to Pennsylvania.  The hearing on this Motion is noticed for June 25, 2008 at 9:30 a.m.  Lifeguard moves to dismiss this action or, in the alternative, transfer venue because this Court lacks personal jurisdiction over Lifeguard

## I.    RELEVANT FACTS

On April 9, 2008, Plaintiff Starlight International, Ltd. LP ("Starlight") filed a Complaint against Defendant Lifeguard Health, LLC ("Lifeguard") alleging Trademark Infringement in Violation of the Lanham Act, Common Law Trademark Infringement, and Unfair Competition.  On May 6, 2008, a Stipulation for Extension of Time was filed by the parties, permitting Lifeguard until May 19, 2008 to answer, plead, or otherwise move.

Lifeguard is a limited liability company organized and existing under the laws of the State of Delaware.  Lifeguard's principal place of business is Plymouth Meeting, Pennsylvania.  Although Starlight's Complaint contained an allegation regarding a statutory basis for subject matter jurisdiction over the claims, the Complaint did not contain a claim regarding the basis for this Court's exercise of personal jurisdiction over Lifeguard.   Lifeguard does not dispute that the federal courts have subject matter jurisdiction over this matter.   However, Lifeguard contends that this Court certainly lacks personal jurisdiction over Lifeguard.

## II.    ISSUE

Whether this action should be dismissed or, in the alternative, transferred to the Eastern District of Pennsylvania because this court lacks personal jurisdiction over Lifeguard Health LLC?

MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER VENUE (Case No. C08 01894 RS)
PHLDMS1 4282922v.1

**III.    THIS ACTION SHOULD BE DISMISSED OR, IN THE ALTERNATIVE, TRANSFERRED BECAUSE THIS COURT LACKS PERSONAL JURISDICTION OVER LIFEGUARD HEALTH, LLC**

This case should be dismissed because this Court does not have personal jurisdiction over Lifeguard, a non-resident defendant which does not maintain a bank account in California, does not own property in California, does not advertise its products in California, does not focus its marketing efforts on California customers, does not maintain a service of process agent in California, does not have employees in California, does not hold any licenses in California, and conducts minimal business activity in California.  Affidavit of Robert Bauer, attached hereto as Exhibit "A".  In the alternative, this matter should be transferred to the Eastern District of Pennsylvania.

**A.    Personal Jurisdiction – Legal Standard**

California's long-arm statute "extends jurisdiction to the limits imposed by the Due Process Clause." Fischer v. U.S., 2003 WL 21262103 (C.D. Cal. 2003)(citing Gordy v. Daily News, L.P., 95 F.2d 829, 831 (9th Cir. 1996)).  Federal Rule of Civil Procedure 12(b)(2) governs dismissal for lack of personal jurisdiction.  The Plaintiff has the burden to establish the court's personal jurisdiction over a defendant.  Doe v. Unocal Corp, 248 F.3d 915, 922 (9th Cir. 2001).  For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least "minimum contacts" with the forum such that the existence of jurisdiction "does not offend traditional notions of fair play and substantial justice." Schwarzeneggar v. Fred Martin Motor Co., 374 F.3d 797, 800-01 (9th Cir. 2004)(affirming lower court's dismissal of matter due to lack of personal jurisdiction) (quoting Int'l Shoe Co. v. Wash., 66 S.Ct. 154 (1945)).

For general jurisdiction to exist over a nonresident defendant, the defendant must engage in "continuous and systematic general business contacts" with the forum state. Schwarzeneggar, 374 F.3d at 801 (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 104 S.Ct. 1868, 1873

-2-

(1984)(citations omitted)). This standard is exacting…"as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." <u>Schwarzeneggar</u>, 374 F.3d at 801 (<u>citing</u> <u>Brand v. Menlove Dodge</u>, 796 F.2d 1070, 1073 (9th Cir. 1986)(collecting cases where general jurisdiction was denied despite defendants' significant contacts with forum)).

The continuous contact must be "substantial" enough to satisfy due process. <u>See</u> <u>Int'l Shoe Co. v. Wash.</u>, 66 S.Ct. 154, 159 (1945) ("While it has been held…that continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity, there have been instances in which the continuous corporate operations within a state were thought <u>so substantial</u> and <u>of such a nature</u> as to justify suit against it on a cause of action arising from dealings entirely distinct from those actives."(emphasis added)).

The Ninth Circuit looks to various factors in determining whether there is general jurisdiction over a defendant including "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." <u>Bancroft & Masters, Inc. v. August Nat. Inc.</u>, 223 F.3d 1082, 1086 (Cal. 2000). The main question is whether, "given this economic reality, [defendant] could reasonably anticipate being haled into court in California." <u>Coremetrics Inc. v. Atomic Park.com, LLC</u>, 370 F.Supp.2d 1013, 1021 (N.D.Ca. 2005) (<u>citing</u> <u>World-Wide Volkswagon Corp. v. Woodson</u>, 100 S.Ct. 559, 567 (1980)).

Specific jurisdiction arises when a defendant's specific contacts with the forum state, though not extensive enough to subject the defendant to the general jurisdiction of the forum, are sufficient to subject the defendant to suit in the forum on a cause of action related to or arising out of those contacts. 16 CAL. JURIS. 3D COURTS § 128 (2008). Sufficient minimum contacts for specific

-3-

1    jurisdiction exist "where a nonresident defendant intentionally engaged in significant activities

2    within a state or has created continuing obligations with residents of the forum, or where the cause of

3    action arises out of an act done or transaction consummated in the forum." Id.  The affirmative

4    conduct requirement is in place to ensure that the defendant "is not haled into court as the result of

5    random, fortuitous or attenuated contacts, or on account of the unilateral activities of third parties."

6    Shute v. Carnival Cruise Lines, 897 F.2d 377, 381 (9th Cir. 1990).  "Attenuated contacts" with the

7    forum state do not show purposeful availment.  PTI, Inc. v. Philip Morris Inc., 100 F.Supp.2d 1179,

8    1189 (C.D.Cal. 2000).

9         **B.    Absence of Lifeguard's Contacts with California**

10        Lifeguard is in the business of selling nutritional and dietary supplement products through

11   physicians' offices and select independent pharmacies.  Affidavit of Robert Bauer, attached hereto as

12   Exhibit "A".  Lifeguard does not sell products to any physicians or pharmacies in California.  Id.

13   Lifeguard does not maintain a bank account in California.  Id. Lifeguard does maintain a website but

14   does not focus its efforts on generating sales through the website.  Id.  Lifeguard does not direct any

15   of its advertising or marketing specifically to California residents.  Id.  Further, Lifeguard does not

16   own any property in California.  Id.  The amount of business that Lifeguard does with California

17   customers represents less than 1% of Lifeguard's total sales.  See Lifeguard's sales records, attached

18   hereto as Exhibit "B".

19        **C.    Lifeguard's Website Does No Subject it to Jurisdiction in California**

20        Starlight may contend that Lifeguard's website, located at URL www.lifeguardforlife.com,

21   subjects it to jurisdiction in California.  Under the circumstances, however, Lifeguard's website does

22   not constitute sufficient contacts with California.  In Schwarzeneggar, plaintiff Arnold

23   Schwarzeneggar contended that California had general personal jurisdiction over the defendant

24                                        -4-

1   automobile dealership because, among other reasons, defendant maintained a website.  374 F.3d 797,

2   801 (9th Cir. 2004).  The Schwarzeneggar court, in expressing disagreement with the contention that

3   a website, alone, may subject a defendant to jurisdiction, provided: "[Defendant] maintains an

4   Internet website that is available for viewing in California and, for that matter, from any Internet café

5   in Istanbul, Bangkok, or anywhere else in the world."  Id.

6   The "totality of the contacts" test applied by the Coremetrics court, in determining whether

7   an out of state company with a website may be subject to jurisdiction in California, explored the

8   following factors: 1) the degree of interactiveness of defendant's website (ie: the percentage of the

9   defendant's total sales attributable to purchases made through the defendant's website); 2)

10  defendant's advertising activities including internet advertising and advertising specifically aimed to

11  California consumers; 3) the volume of defendant's sales to California customers; and 4) the

12  frequency of defendant's sales to California customers.   Coremetrics, Inc. v. Atomic Park.com,

13  LLC, 370 F.Supp.2d 1013 (N.D.Cal. 2005)

14

15  The Coremetrics court noted, however, that "these contacts taken individually would not be

16  sufficient to confer general jurisdiction" over the defendant.  Id. at 1019.  Applying these factors to

17  Lifeguard, it becomes clear that Lifeguard's contacts with California are not "substantial" or

18  "continuous and systematic", the prerequisite to this Court's jurisdiction over Lifeguard.

19              1.      **Interactiveness of Lifeguard's Website**

20  The fact that Lifeguard maintains a website, by itself, is not enough to establish general

21  jurisdiction.  Coremetrics, 370 F.Supp.2d at 1019 (citing Estate of Stephen Bank v. Swiss Valley

22  Farms Co., 286 F.Supp.2d 514, 518 (D.Md.2003) ("Without evidence of actual sales made to

23  Maryland residents, it would seem that the operation of a website that merely offers the possibility of

24  transacting cannot be characterized as anything more than 'advertising and solicitation,' and thus

25                                          -5-

26  MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER VENUE (Case No. C08 01894 RS)

27  PHLDMS1 4282922v.1

is...insufficient for jurisdictional purposes.")); <u>Molnlycke Health Care AB v. Dumex Med. Surgical</u>

<u>Prods. Ltd.</u>, 64 F.Supp.2d 448, 451 (E.D.Pa.1999)("hold[ing] that the establishment of a website

through which customers can order products does not, on its own, suffice to establish general

jurisdiction" because this "would effectively hold that any corporation with such a website is subject

to general jurisdiction in every state").

Courts generally adhere to the following reasoning:

> [I]t is now common for businesses of all types to have an internet
> website, typically with interactive capability through which customers
> can communicate with the business and order products. If general
> jurisdiction were to be predicated on these types of contacts alone,
> most businesses would be subject to personal jurisdiction in every
> forum.

<u>Coremetrics</u>, 370 F.Supp.2d at 1020 (<u>citing</u> <u>Gorman v.Ameritrade Holding Corp.</u>, 293 F.3d 506

(C.A.D.C. 2002)).

The principal difference between the defendant in <u>Coremetrics</u>, held to be subject to

jurisdiction in California, and Lifeguard, is that the defendant in <u>Coremetrics</u> was an "e-tailer" and

conducted all of its sales through its website. 370 F.Supp.2d 1013; <u>see also</u> <u>Affidavit of Robert</u>

<u>Bauer</u>, attached hereto as Exhibit "A". Lifeguard's website sales, on the other hand, only account

for a very small percentage of its total sales. <u>Affidavit of Robert Bauer</u>, attached hereto as Exhibit

"A". For a period of over one year, from April 1, 2007 through April 30, 2008, only 9.7% or

$104,018.30 of Lifeguard's total sales were made through Lifeguard's website and only 0.24% or

$2,559.00 of Lifeguard's total sales were made to California residents through Lifeguard's website.

<u>See</u> Lifeguard's sales reports, attached hereto as Exhibit "B"; <u>see also</u> <u>Affidavit of Robert Bauer</u>,

attached hereto as Exhibit "A".

-6-

1

2
### 2.  Lifeguard Does Not Advertise on the Internet and Does Not Direct its Advertising Activities to California Residents

3

4    The <u>Coremetrics</u> court examined, as one factor of its analysis, whether the defendant

5    advertised its services over the Internet.  370 F.Supp.2d at 1021-22.  Lifeguard does not advertise its

6    services through search engines or other internet advertisers.  <u>Affidavit of Robert Bauer</u>, attached

7    hereto as Exhibit "A".  Lifeguard's business model is aimed at selling the vast majority of its product

8    directly to physicians' offices and independent pharmacies.  <u>Affidavit of Robert Bauer</u>, attached

9    hereto as Exhibit "A".

10
### 3.  The Low Volume of Lifeguard's sales to California Customers

11    Courts disfavor a finding of general jurisdiction on the basis of limited sales.  A defendant's

12    mere presence on the Internet, interactive or not, will not subject it to personal jurisdiction.

13    <u>Coremetrics</u>, 370 F.Supp.2d at 1022 (<u>quoting</u> <u>ESAB Group, Inc. v. Centricut</u>, 34 F.Supp.2d 323,

14    330-31 (D.S.C. 1999)).  Instead, "the critical issue for the court to analyze is the nature and quality

15    of commercial activity actually conducted by an entity over the Internet in the forum state." <u>Id.</u>

16    Many courts have held that defendants with small percentages of sales to the forum state do not have

17    sales sufficient to subject the defendants to jurisdiction in the forum state.  <u>See e.g.</u> <u>Hockerson-</u>

18    <u>Halberstadt, Inc. v. Propet USA, Inc.</u>, 62 Fed.Appx. 322, 337 (Fed.Cir.2003)(concluding that there

19    was no general jurisdiction over defendant who made only 0.00008 percent of its sales in the forum

20    state); <u>Injen Tech. Co. Ltd. v. Advanced Engine Mgmt.</u>, 270 F.Supp.2d 1189, 1194 (S.D.Cal. 2003)

21
22    (noting that sales by defendant to forum state, which "account[ed] for only 2% of its total business,

23    are not the kind of 'systematic and continuous' contacts that would warrant the exercise of general

24    jurisdiction").  In <u>Shute v. Carnival Cruise Lines</u>, the Ninth Circuit held that there were insufficient

25    contacts to justify an exercise of general jurisdiction, despite the fact that the defendant cruise line

-7-

26
27

advertised in the forum, dealt with travel agents in the forum, and sold approximately 2% of its cruises in the forum. 897 F.2d 377, 381 (9th Cir. 1990); rev'd on other grounds, 499 U.S. 585 (1991). See also Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc., 1 F.3d 848, 851 n.3 (9th Cir. 1993)(noting that the Supreme Court upheld the exercise of general jurisdiction only once and stating that the Ninth Circuit "regularly [has] declined to exercise jurisdiction even where the contacts [have been] quite extensive.")

The defendant in Coremetrics experienced a high volume of sales to California residents and, therefore, was subject to jurisdiction in the forum. 370 F.Supp.2d at 1022. Over a ten-month period, California consumers bought more than $3.3 million worth of merchandise from the defendant in Coremetrics, or 14.71 % of the defendant's total sales. Id. The court noted that the percentage of defendant's sales to California was the highest percentage of sales by defendant to any one state. Id. From 1999 through 2003, the defendant earned between $10 million to $15 million dollars in sales to California customers. Id. This high volume of sales to California customers by the Coremetrics defendant is very different from the very low volume of sales ($6,829.00 in a 13 month period from all sources) to California residents by Lifeguard. See Lifeguard's sales records, attached hereto as Exhibit "B"; see also Affidavit of Robert Bauer, attached hereto as Exhibit "A".

Applying Ninth Circuit precedent, Lifeguard's sales to California customers are insufficient to subject Lifeguard to jurisdiction in California. Case law clearly supports the conclusion that Lifeguard's sales from all sources within California, amounting to 0.6 % of its total business from April 1, 2007 to April 30, 2008 ($6,829.00) are not the kind of "systematic and continuous" contacts that would warrant the exercise of general jurisdiction. See Lifeguard's sales records, attached hereto as Exhibit "B"; Affidavit of Robert Bauer, attached hereto as Exhibit "A". Further, only 0.24

-8-

% ($2,559.00) of all sales made to California customers were made through Lifeguard's website. Id. The California market is certainly not central to Lifeguard's business as it was in Coremetrics.

### 4.    The Frequency of Sales to California Customers

The frequency of sales by the defendant in Coremetrics to California was substantial. 370 F.Supp. 2d at 1023. The $10 million to $15 million of sales the defendant made to California residents represented millions of transactions as the products sold by the defendant were typically priced at or below $100.00. Id. The sales frequency in Coremetrics was substantially greater than the sales frequency of Lifeguard's products to California customers. As the sales records show, less than 50 transactions, totaling $6,829.05, involved sales of Lifeguard products to California customers during the 13 month period of April 1, 2007 to April 30, 2008. See Lifeguard sales records, attached hereto as Exhibit "B".

### D.    Personal Jurisdiction in California is not Reasonable

For the reasons provided herein, Lifeguard's minimal contacts with California are insufficient to subject Lifeguard to personal jurisdiction, either general or specific, in California.

Even if there were sufficient contacts to support personal jurisdiction over Lifeguard, the assertion of personal jurisdiction would still need to be reasonable. Coremetrics, 370 F.Supp.2d 1013. The test for reasonableness requires the analysis of seven factors: 1) the extent of purposeful interjection; 2) the burden on the defendant to defend the suit in the chosen forum; 3) the extent of conflict with the sovereignty of the defendant's state; 4) the forum state's interest in the dispute; 5) the most efficient forum for judicial resolution of the dispute; 6) the importance of the chosen forum to the plaintiff's interest in convenient and effective relief; and 7) the existence of an alternative forum. 370 F.Supp.2d at 1024 (citing Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc., 1 F.3d 848, 851 (Wash. 1993)).

-9-

Lifeguard did not sufficiently inject itself into California's affairs. This is evident by the very low volume and low frequency of Lifeguard's sales in California. The burden on Lifeguard in defending this lawsuit in the Northern District of California would be great as Lifeguard conducts its business on the East Coast, out of Pennsylvania. The costs and inconvenience which Lifeguard would incur if forced to defend this lawsuit in California would certainly be disproportionate to the small amount of sales made by Lifeguard in California over the course of a 13 month period ($6,829.05). See Lifeguard's sales records, attached hereto as Exhibit "B". Lifeguard's home state, Pennsylvania, would be the most efficient forum to litigate this case. "Litigation efficiency is typically measured by where documents and witnesses are located." Id. at 1024. Pennsylvania is a more efficient forum than California because, given the nature of Starlight's claims against Lifeguard, documents and witnesses pertaining to Starlight's Trademark Infringement, and Unfair Competition claims are likely to be located in Pennsylvania.

Pennsylvania's sovereign interests are greatly impacted by this lawsuit as the state would not want a business which is principally located in Pennsylvania to be dragged to California, or any other state for that matter, to defend itself in a lawsuit when the business had little or no contacts with the forum state.

-10-

1

2   **IV.    CONCLUSION**

3          Based upon the foregoing, Lifeguard respectfully requests that this Motion to Dismiss or, in

4   the Alternative, Transfer Venue, be granted.

5   Dated: May 19, 2008

6                                              By:      s/ Lawrence J. Bistany
                                                      Lawrence J. Bistany (Bar No. 75846)
7                                                     WHITE AND WILLIAMS LLP
                                                      1800 One Liberty Place
8                                                     Philadelphia, PA 19103
                                                      Telephone: 215-864-6306
9                                                     Facsimile: 215-789-7506
                                                      E-mail: bistanyl@whiteandwilliams.com
10

11  *Of Counsel:*

12  Michael N. Onufrak
    Lauren A. Brill
13  White and Williams LLP
    1800 One Liberty Place
14  Philadelphia, PA 19103-7395
    Phone: 215.864.7174/6814
15

16

17

18

19

20

21

22

23

24

25                                       -11-

26
27

1  **White and Williams LLP**
   **Lawrence J. Bistany (Bar No. 75846)**
2  **1800 One Liberty Place**
   **Philadelphia, PA 19103-7395**
3  **Phone: 215.864.6306**
   **Fax: 215.789.7506**
4  **E-mail: bistanyl@whiteandwilliams.com**

5
   **Attorneys for Defendant,**
6  **Lifeguard Health LLC**

7
                    **UNITED STATES DISTRICT COURT**
8
                   **NORTHERN DISTRICT OF CALIFORNIA**
9
                         **SAN JOSE DIVISION**

10 STARLIGHT INTERNATIONAL LTD. LP,          Case No. C08 01894 RS
   a California Limited Partnership
11                                           **PROOF OF SERVICE**

12            Plaintiff,                      **ORAL ARGUMENT REQUESTED**

13     v.                                     Judge: The Hon. Richard Seeborg
                                             Date:  June 25, 2008
14 LIFEGUARD HEALTH LLC, a Delaware Limited   Time: 9:30am
   Liability Company                         Courtroom: 4, 5th Floor
15
              Defendant.
16     I, Lawrence J. Bistany, attorney for the Defendant Lifeguard Health LLC, hereby certify that

17 a copy of the foregoing Defendant Lifeguard Health LLC's Motion to Dismiss or, in the alternative,

18 Transfer Venue, was served upon all counsel via ECF and first class mail, postage prepaid, on this

19 19th day of May, 2008, addressed as follows:

20                              David G. Freedman
                                 Attorney at Law
21                        1800 Century Park East, 8th Floor
                          Los Angeles, California  90067
22                                       BY:    s/ Lawrence J. Bistany
23                                             Lawrence J. Bistany (Bar No. 75846)
                                              WHITE AND WILLIAMS LLP
24                                             1800 One Liberty Place
                                              Philadelphia, PA 19103
25                                             Telephone: 215-864-6306
                                              Facsimile: 215-789-7506
26                                             E-mail: bistanyl@whiteandwilliams.com

27 [PROPOSED] ORDER (Case No. C08 01894 RS)
   PHLDMS1 4282922v.1

# EXHIBIT "A"

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| STARLIGHT INTERNATIONAL LTD. LP, a California Limited Partnership | Case No. C08 01894 RS |
| Plaintiff, | **AFFIDAVIT OF ROBERT BAUER TO DEFENDANT LIFEGUARD HEALTH LLC'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TRANSFER VENUE TO PENNSYLVANIA** |
| v. | |
| LIFEGUARD HEALTH LLC, a Delaware Limited Liability Company | **ORAL ARGUMENT REQUESTED** |
| Defendant. | Judge: The Hon. Richard Seeborg<br>Date:  June 25, 2008<br>Time: 9:30am<br>Courtroom: 4, 5th Floor |

I, ROBERT D. BAUER, declare under penalty of perjury that the foregoing is true and correct:

1.      I am competent to testify herein and make this statement based on my personal knowledge.

2.      I am the President and Chief Operating Officer of Lifeguard Health, LLC ("Lifeguard").

3.      Lifeguard was incorporated in 2005 and commenced business operations in March of 2006.

4.      Lifeguard is incorporated in Delaware with a principal place of business in Pennsylvania.

5.      Lifeguard has little or no business contacts with the state of California.

6.      Lifeguard does not own property or bank accounts in California.

7.      Lifeguard does not advertise its products in California.

8.      Lifeguard does not focus its marketing efforts on California customers.

9.      Lifeguard did not designate an agent in California for service of process.

10.     Lifeguard does not have any employee in California.

11.     Lifeguard does not hold any licenses in California.

AFFIDAVIT OF ROBERT BAUER (Case No. C08 01894 RS)
PHLDMS1 4282922v.1

12.    Lifeguard is in the business of selling nutritional and dietary supplement products to physicians' offices and select independent pharmacies. A small percentage of Lifeguard's sales are made directly to consumers.

13.    Lifeguard does not sell any nutritional and dietary supplement products to any physicians' offices or pharmacies in California.

14.    Lifeguard does not direct any of its advertising or marketing specifically to California residents.

15.    Lifeguard does not advertise its services through internet advertisers, including search engines.

16.    Lifeguard does not employ a multi-level marketing business distribution model.

17.    Lifeguard maintains a website, www.lifeguardforlife.com, but Lifeguard is not an "e-tailer" as only a small percentage of its total sales are made to customers through Lifeguard's website.

18.    For the period of April 1, 2007 through April 30, 2008, only 9.7% ($104,018.30) of Lifeguard's total sales were made through Lifeguard's website.

19.    Lifeguard's sales to customers in California amounted to only 0.6 % ($6,829.05) of its total sales from April 1, 2007 through April 30, 2008.

20.    Only 0.24 % ($2,559.00) of Lifeguard's total sales were made to customers in California through Lifeguard's website.

I declare, under penalty of perjury under the laws of the State of Pennsylvania, that the foregoing is true and correct. Executed this 19th day of May 2008.

_Robert D. Bauer_
Robert D. Bauer

SWORN TO AND SUBSCRIBED
before me, a Notary Public, this 19th
day of _May_, 2008.

_Darlene A. Hunter_
NOTARY PUBLIC
My Commission Expires: April 19, 2012

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Darlene A. Hunter, Notary Public
Warminster Twp., Bucks County
My Commission Expires April 19, 2012
Member, Pennsylvania Association of Notaries

AFFIDAVIT OF ROBERT D. BAUER (Case No. C08 01894 RS)

-2-

# EXHIBIT "B"

| Country | State | Keycode | Item Code | Units | Orders | Amount |
|---------|-------|---------|-----------|-------|--------|--------|
| USA | California | KCBQ | LG104 | | 3 | 1 | 0 |
| USA | California | KCBQ | LG105 | | 3 | 1 | 0 |
| USA | California | KCBQ | LG106 | | 3 | 1 | 0 |
| USA | California | KCBQ | LGTPF3NEW | | 1 | 1 | 199 |
| USA | California | OTHER | EYEADV-1 | | 2 | 0 | 0 |
| USA | California | OTHER | LG104 | | 3 | 1 | 0 |
| USA | California | OTHER | LG105 | | 5 | 3 | 52 |
| USA | California | OTHER | LG105-1 | | 1 | 1 | 52 |
| USA | California | OTHER | LG106 | | 3 | 1 | 0 |
| USA | California | OTHER | LG107SG | | 13 | 4 | 160.95 |
| USA | California | OTHER | LG110SG120 | | 1 | 1 | 0 |
| USA | California | OTHER | LG110SG120-1 | | 1 | 1 | 39.99 |
| USA | California | OTHER | LG110SG120-3 | | 1 | 1 | 89.97 |
| USA | California | OTHER | LG111SG | | 1 | 1 | 0 |
| USA | California | OTHER | LG111SG-1 | | 1 | 1 | 42 |
| USA | California | OTHER | LG112SG | | 2 | 0 | 0 |
| USA | California | OTHER | LGTPF3 | | 1 | 1 | 259 |
| USA | California | WEBSEARCH | LG102 | | 1 | 1 | 39 |
| USA | California | WEBSEARCH | LG107SG | | 8 | 6 | 125.8 |
| USA | California | WEBSEARCH | LG110SG | | 1 | 1 | 52 |
| USA | California | XRTAINMENTZONE | LG102 | | 12 | 1 | 249.6 |
| USA | California | XRTAINMENTZONE | LG104 | | 48 | 3 | 748.8 |
| USA | California | XRTAINMENTZONE | LG104-1 | | 12 | 1 | 249.6 |
| USA | California | XRTAINMENTZONE | LG105 | | 24 | 1 | 499.2 |
| USA | California | XRTAINMENTZONE | LG106 | | 24 | 1 | 153.6 |
| USA | California | XRTAINMENTZONE | LG107LQ | | 36 | 2 | 431.88 |
| USA | California | XRTAINMENTZONE | LG107SG | | 72 | 2 | 575.76 |
| USA | California | XRTAINMENTZONE | LG110SG | | 12 | 1 | 249.6 |
| USA | California | YSTORE01 | LG102 | | 19 | 4 | 468 |
| USA | California | YSTORE01 | LG104 | | 7 | 5 | 150 |
| USA | California | YSTORE01 | LG104-1 | | 2 | 1 | 92 |
| USA | California | YSTORE01 | LG104SG-3 | | 2 | 2 | 231 |
| USA | California | YSTORE01 | LG105 | | 12 | 6 | 52 |
| USA | California | YSTORE01 | LG106 | | 12 | 6 | 16 |
| USA | California | YSTORE01 | LG107LQ | | 4 | 4 | 84.9 |
| USA | California | YSTORE01 | LG107LQ-1 | | 1 | 1 | 25 |
| USA | California | YSTORE01 | LG107SG | | 13 | 7 | 150.75 |
| USA | California | YSTORE01 | LG107SG-1 | | 5 | 2 | 99.75 |
| USA | California | YSTORE01 | LG107SGFREE | | 2 | 2 | 9.9 |
| USA | California | YSTORE01 | LG108LQ | | 2 | 1 | 0 |
| USA | California | YSTORE01 | LG108LQ-1 | | 2 | 1 | 50 |
| USA | California | YSTORE01 | LG110SG | | 2 | 1 | 104 |
| USA | California | YSTORE01 | LG111SG | | 4 | 2 | 0 |
| USA | California | YSTORE01 | LGTPC1 | | 2 | 2 | 209 |
| USA | California | YSTORE01 | LGTPC3 | | 3 | 3 | 817 |
| | | | | | | $ 6,829.05 |

**Total Sales/Total Internet Sales 4/1/2007 - 4/31/2008**

| Keycode | Description | | Units | Amount |
|---------|-------------|--|-------|--------|

YSTORE01    **LifeGuardForLife.com**                    3,987   $      104,018.30

**Total SALES (ALL SALES)**                              55,771   $   1,064,026.98

**Total CA Internet Sales**                                 94   $       2,559.00


**Average monthy internet sales = $8668**
**Average monthly CA Internet sales = $213.25**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

|  |  |
|---|---|
| STARLIGHT INTERNATIONAL LTD. LP,<br>a California Limited Partnership<br><br>                Plaintiff,<br><br>   v.<br><br>LIFEGUARD HEALTH LLC, a Delaware Limited<br>Liability Company<br><br>                Defendant. | Case No. C08 01894 RS<br><br>**[PROPOSED] ORDER #1**<br><br>Judge: The Hon. Richard Seeborg<br>Date:   June 25, 2008<br>Time: 9:30am<br>Courtroom: 4, 5th Floor |

Upon consideration of Lifeguard Health LLC's Motion to Dismiss, or in the alternative, Transfer Venue Against Starlight Inernational LTD, LP., any opposition thereto, and for good cause shown, it is, by the Court, this _____ day of _____, 2008,

**ORDERED** that the Motion is hereby **GRANTED**, and it is

**FURTHER ORDERED** that the claims against Lifeguard Health LLC are dismissed with prejudice, each side to bear its/his own fees and costs.


_____
Honorable Richard Seeborg

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| STARLIGHT INTERNATIONAL LTD. LP,<br>a California Limited Partnership<br><br>Plaintiff,<br><br>v.<br><br>LIFEGUARD HEALTH LLC, a Delaware Limited<br>Liability Company<br><br>Defendant. | Case No. C08 01894 RS<br><br>**[PROPOSED] ORDER #2**<br><br>Judge: The Hon. Richard Seeborg<br>Date:   June 25, 2008<br>Time: 9:30am<br>Courtroom: 4, 5th Floor |

Upon consideration of Lifeguard Health LLC's Motion to Dismiss, or in the alternative,

Transfer Venue Against Starlight International LTD, LP., any opposition thereto, and for good cause

shown, it is, by the Court, this _____ day of _____, 2008,

**ORDERED** that the Motion is hereby **GRANTED**, and it is

**FURTHER ORDERED** that the claims against Lifeguard Health LLC are transferred to the

United States District Court for the Eastern District of Pennsylvania, each side to bear its/his own

fees and costs.


_____

Honorable Richard Seeborg