# White and Williams LLP 

*1800 One Liberty Place*  
*Philadelphia, PA 19103-7395*  
*Phone: 215.864.7000*  
*Fax: 215.864.7123*

*Lauren A. Brill*  
*Direct Dial: 215.864.6814*  
*Direct Fax: 215.399.9619*  
*brilll@whiteandwilliams.com*

July 2, 2008

Office of the Clerk  
United States District Court for the  
Northern District of California  
Room 2112  
280 South First Street  
San Jose, CA 95113

**Attention: Magistrate Judge Richard Seeborg**

RE: **Starlight International, Ltd., LP, vs. Lifeguard Health, LLC**  
**Case No. C08-01894 RS**

Dear Judge Seeborg:

    I represent Lifeguard Health, LLC ("Lifeguard"), defendant in the above-captioned matter. During the Wednesday, June 25, 2008 oral argument on Lifeguard's Motion to Dismiss, your Honor mentioned the Stomp, Inc. v. Neato, LLC case decided by the Central District of California. 61 F.Supp.2d 1074 (C.D.Cal. 1999). Although that Stomp court held that an out-of-state defendant with an internet website was subject to personal jurisdiction in California, the facts of that case should be distinguished from the facts of the above-captioned case.

    As briefed by Lifeguard and argued at the hearing, Lifeguard did not have a reasonable expectation of being hauled into court in California. The defendant in Stomp, however, had this reasonable expectation as the defendant in Stomp previously filed two lawsuits against the plaintiff, a California corporation whom the defendant complained infringed the defendant's patents by the goods the plaintiff sold in California. Id. at 1081 n.12.

    Although the basis for the Stomp defendant's reasonable expectation of being forced into court in California is provided in a footnote, this basis is critical to an understanding of the Stomp case and in distinguishing that matter from the above-captioned matter. The Stomp decision does not subject all parties with interactive websites to California jurisdiction. Rather, the decision follows precedent and looks to the "reasonableness" of the exercise of specific jurisdiction as one factor in its analysis. Id. at 1080-81. See also Coremetrics Inc. v. Atomic Park.com, LLC, 370 F.Supp.2d 1013, 1024 (N.D.Cal. 2005); PTI, Inc. v. Philip Morris Inc., 100 F.Supp.2d 1179, 1189 (C.D.Cal. 2000).

Magistrate Judge Richard Seeborg
July 2, 2008
Page 2

      It would be unreasonable to subject Lifeguard to jurisdiction in California when it had <u>no</u> reasonable expectation of being hauled into court in California. Defendant did not purposefully direct its activities to California residents. This is true based on the inconsequential contacts which plaintiff Starlight International, Ltd., LP ("Starlight") alleged Lifeguard had with California (only 0.24% of Lifeguard's website sales were made to California customers, Lifeguard's attendance at one international trade show in California, a third party's endorsement of Lifeguard on the third party's website). These inconsequential contacts, in addition to the fact that Lifeguard was unaware of Starlight and of Starlight's place of business, do not provide a reasonable basis for subjecting Lifeguard to specific jurisdiction in California.

      At the hearing, Starlight's counsel made the argument that there is no difference between an individual plaintiff who was physically harmed by consuming Lifeguard's products and Starlight who claimed it was harmed by Lifeguard's alleged trademark infringement and unfair competition. The "effects" test does not apply with the same force to a business as it would to an individual, "because a [business] 'does not suffer harm in a particular geographic location in the same sense that an individual does.'" <u>Cybersell, Inc. v. Cybersell, Inc.</u>, 130 F.3d 414, 420 (9th Cir. 1997)(internal citations omitted). Lifeguard's web page was not intentionally aimed at California knowing that harm was likely to be caused there to Starlight. The actions which Starlight alleged Lifeguard engaged in, trademark infringement and unfair competition, did not result in alleged harm to Starlight strictly in California as Starlight's business is not restricted to California. The "effects" test results in a finding against specific jurisdiction.

      For the reasons set forth in Lifeguard's briefs in support of its Motion to Dismiss, at the June 25, 2008 oral argument and provided herein, Lifeguard respectfully requests that Your Honor grant Lifeguard's Motion to Dismiss.

      Thank you for your attention to this matter.

                                                                         Respectfully,

                                                                         WHITE AND WILLIAMS LLP

                                      By:   /s/ Lauren A. Brill
                                               Lauren A. Brill, Esq.
                                               Admitted Pro Hac Vice
                                               Pa. Bar # 200023

cc:   David G. Freedman, Esquire