DAVID G. FREEDMAN (Bar No. 81989)
Attorney at Law
1800 Century Park East, 8th Fl.
Los Angeles, California 90067
Telephone:   (310) 553-2121
Facsimile:   (310) 553-2111
E-mail:      dgf@dfreedman.net

Attorney for Plaintiff
STARLIGHT INTERNATIONAL, LTD. LP

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STARLIGHT INTERNATIONAL, LTD. LP, a California Limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>LIFEGUARD HEALTH, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. C08-01894 RS<br><br>**PLAINTIFF STARLIGHT INTERNATIONAL, LTD. LP'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>**Before Hon. Richard Seeborg** |

Plaintiff Starlight International, Ltd. LP submits this supplemental brief in response to the letter brief of defendant Lifeguard Health, LLC dated July 2, 2008.

Lifeguard misreads *Stomp, Inc. v. Neato, LLC*, 61 F.Supp.2d 1074 (C.D.Cal. 1999). The defendant in *Stomp* engaged in activity just like Lifeguard's. It operated an interactive web site through which it conducted business by selling goods that incorporated a patent the plaintiff alleged was invalid. The district court found that *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir.1997), was distinguishable because the defendant was not operating a passive web site but instead had "undertaken commercial activity on its website and has offered for sale and sold its products to California citizens via the Internet." 61 F.Supp.2d at

1077.  Thus, the court found asserting personal jurisdiction comported with due process.  In addition, it found that asserting personal jurisdiction was consistent with "minimum contacts" jurisprudence:

> "By maintaining a commercial website through which it markets and sells its goods, NeatO has reached out beyond its home state of Connecticut to avail itself of the benefits of the California forum.  Although the actual number of sales to California citizens may be small, the critical inquiry in determining whether there was a purposeful availment of the forum state is the quality, not merely the quantity, of the contacts.  By advertising and offering its products for sale via the Internet, NeatO has placed its products into the stream of commerce intending that they would be purchased by consumers with access to the Web, including California citizens.  By engaging in Internet commerce with California citizens, NeatO has established the minimum contacts that are a prerequisite to the exercise of jurisdiction over it."

*Ibid.* (internal citations omitted.)

In *Cybersell* the Ninth Circuit ruled that "the essentially passive nature of [the defendant's] activity in posting a home page on the World Wide Web that allegedly used the service mark of [the plaintiff] does not qualify as purposeful activity invoking the benefits and protections of [the forum state]."  Finding no basis for personal jurisdiction, the court noted that " '[i]nteractive' web sites present somewhat different issues," and that the defendant had "conducted no commercial activity over the Internet in [the forum state]." 130 F.3d at 418-419.  Here, Lifeguard does not maintain a passive web site.  It uses an interactive web site through which it sells its products to California citizens.  The products sold this way to California citizens bear the allegedly infringing trademarks that are the very subject of this suit.

In the instant case, we have a defendant that uses an interactive web site to engage in Internet commerce with California citizens by selling products bearing allegedly infringing

trademarks.  Thus, it has purposefully directed its activities and consummated transactions within California, has purposefully availed itself of the privilege of conducting activities in California, and Starlight's claims arise, in part, directly from defendant's forum-related activities.  These facts demonstrate that personal jurisdiction exists.

Dated:  July 7, 2008                              /s/ David G. Freedman
                                                  David G. Freedman
                                                  Attorney for Plaintiff
                                                  Starlight International, Ltd. LP