JEFFREY S. KRAVITZ, SBN 66481
ALAN C. CHEN, SBN 224420
FOX ROTHSCHILD LLP
1801 Century Park East, Suite 1420
Los Angeles, California 90067
Telephone: (310) 556-8786
Facsimile: (310) 843-9910
Email: jskravitz@foxrothschild.com
Email: achen@foxrothschild.com

Attorneys for Defendant
LIFEGUARD HEALTH, LLC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| STARLIGHT INTERNATIONAL, LTD. LP, a California Limited Partnership<br><br>Plaintiff,<br><br>v.<br><br>Lifeguard Health, LLC, a Delaware Limited Liability Company,<br><br>Defendant. | Case No. 08-01894 RS MED<br><br>**ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF BY DEFENDANT LIFEGUARD HEALTH, LLC**<br><br>**DEMAND FOR JURY TRIAL** |

Lifeguard Health LLC ("Lifeguard"), by and through its attorneys, respectfully submits the following Answer to Complaint for Damages and Injunctive Relief:

**JURISDICTION**

1. Lifeguard admits the allegation that this is an action for violation of the Lanham Act, common law trademark infringement, and unfair competition. Lifeguard denies the remaining allegations contained in paragraph 1 of the Complaint on the basis that they constitute conclusions of law to which no responsive pleading is required. To the extent the averments in paragraph 1 are intended to be factual in nature, Lifeguard

denies each and every averment and demands strict proof thereof during discovery and at the time of trial.

## VENUE

2. Lifeguard denies the allegations contained in paragraph 2 of the Complaint on the basis that they constitute conclusions of law to which no responsive pleading is required. To the extent the averments in paragraph 2 are intended to be factual in nature, Lifeguard denies each and every averment and demands strict proof thereof during discovery and at the time of trial.

## INTRADISTRICT ASSIGNMENT

3. Lifeguard admits that this action is assigned to the court's San Jose Division but denies the remaining allegations of paragraph 3 of the Complaint.

## FIRST CLAIM FOR RELIEF

### Infringement of Trademark Rights In Violation of Lanham Act

### (15 U.S.C. §§ 1114, 1116, 1125(a))

4. Lifeguard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and they are therefore denied.

5. Admitted.

6. Lifeguard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and they are, therefore, denied. Further, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.

7. Lifeguard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and they are, therefore, denied. Further, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.

8. Lifeguard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and they are, therefore, denied. Further, the

allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.

9. Lifeguard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and they are, therefore, denied. Further, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.

10. Lifeguard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and they are therefore denied.

11. Lifeguard admits the allegation that it operates a website with the domain name "Lifeguardforlife.com" and uses "Lifeguard" as its business name to sell, market, and advertise its products. Lifeguard denies each and every remaining averment in paragraph 11 of the Complaint as the allegations constitute conclusions of law to which no responsive pleading is required. To the extent the averments in paragraph 11 are intended to be factual in nature, Lifeguard denies each and every averment and demands strict proof thereof during discovery and at the time of trial.

12. Lifeguard denies each and every averment of paragraph 12.

13. Lifeguard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and they are, therefore, denied. Further, the allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.

14. Lifeguard admits the allegation that Plaintiff has given defendant actual notice of Plaintiff's registration. Lifeguard denies each and every remaining averment in Paragraph 14 of the Complaint as the allegations constitute or contain conclusions of law which no responsive pleading is required.

## SECOND CLAIM FOR RELIEF

### Common Law Trademark Infringement

15. Lifeguard incorporates by reference each and every admission and denial in

paragraphs 1 through 14 above as though fully set forth herein.

16. Lifeguard denies each and every averment of paragraph 16.

17. Lifeguard denies each and every averment of paragraph 17.

18. Lifeguard admits the allegation that Plaintiff has given defendant actual notice of Plaintiff's registration. Lifeguard denies each and every remaining averment in Paragraph 18 of the Complaint as the allegations constitute or contain conclusions of law which no responsive pleading is required.

### THIRD CLAIM FOR RELIEF

### Unfair Competition

### (California Business & Professions Code §§ 17200, 17203)

19. Lifeguard incorporates by reference each and every admission and denial in paragraphs 1 through 18 above as though fully set forth herein.

20. Lifeguard is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff's marks are wholly associated with plaintiff due to its extensive use of them, and, on that basis, denies the allegation. Lifeguard also denies each and every remaining averments in paragraph 20 of the Complaint.

21. Lifeguard denies each and every averment of paragraph 21.

22. Lifeguard denies each and every averment of paragraph 22.

23. Lifeguard denies each and every averment of paragraph 23.

24. Lifeguard denies each and every averment of paragraph 24.

25. Lifeguard denies each and every averment of paragraph 25.

### AFFIRMATIVE DEFENSES

Lifeguard asserts the following affirmative defenses to Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE

As a defense to each claim for relief stated in the Complaint, Plaintiff failed to state facts sufficient to support his claims.

///

## SECOND AFFIRMATIVE DEFENSE

As a defense to each claim for relief stated in the Complaint, Plaintiff's claims are barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

As a defense to each claim for relief stated in the Complaint, Plaintiff's claims are barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

As a defense to each claim for relief stated in the Complaint, Plaintiff has waived his claims.

## FIFTH AFFIRMATIVE DEFENSE

As a defense to each claim for relief stated in the Complaint, Plaintiff is estopped from prevailing on his claims.

## SIXTH AFFIRMATIVE DEFENSE

As a defense to each claim for relief stated in the Complaint, Plaintiff's claims are barred because Plaintiff has unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

As a defense to each claim for relief stated in the Complaint, Plaintiff's right to damages, if any, is limited or precluded by his failure to mitigate his losses.

## EIGHTH AFFIRMATIVE DEFENSE

As a defense to each claim for relief stated in the Complaint, Plaintiff is not entitled to relief because its alleged trademarks are descriptive or suggestive.

## NINTH AFFIRMATIVE DEFENSE

As a defense to each claim for relief stated in the Complaint, Plaintiff is not entitled to any recovery against Lifeguard because any harm incurred by Plaintiff was the result of conduct by third parties for whom Lifeguard was not responsible.

## TENTH AFFIRMATIVE DEFENSE

As a defense to each claim for relief stated in the Complaint, Plaintiff is not

entitled to any recovery against Lifeguard because Plaintiff caused or contributed to the injuries or damages complained of through his own negligent, willful, or bad faith conduct.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Court lacks personal jurisdiction over the defendant, Lifeguard.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by improper venue.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff will not suffer immediate irreparable injury absent the granting of the relief requested by Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff is unlikely to prevail on the merits.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because, as between Lifeguard and Plaintiff, Lifeguard will suffer the "balance of hardship" if the relief requested by Plaintiff is granted.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's equitable claims are barred, in whole or in part, because there is adequate remedy at law.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## PRAYER FOR RELIEF

WHEREFORE, Lifeguard respectfully requests that:

    1.    Plaintiff takes nothing by his Complaint;

    2.    Lifeguard be awarded its attorneys' fees and costs incurred to defend this action; and

    3.    Lifeguard be awarded any other relief that the Court deems just and proper.

August 8, 2008                    FOX ROTHSCHILD LLP

By:   /Alan C. Chen/
        Jeffrey S. Kravitz
        Alan C. Chen
        Attorneys for Defendant
        LIFEGUARD HEALTH, LLC

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant hereby demands a jury trial on all issues triable to a jury.

August 8, 2008                                    FOX ROTHSCHILD LLP


By:  /Alan C. Chen/
Jeffrey S. Kravitz
Alan C. Chen
Attorneys for Defendant
LIFEGUARD HEALTH, LLC

1  JEFFREY S. KRAVITZ, SBN 66481
   ALAN C. CHEN, SBN 224420
2  FOX ROTHSCHILD LLP
   1801 Century Park East, Suite 1420
3  Los Angeles, California 90067
   Telephone: (310) 556-8786
4  Facsimile: (310) 843-9910
   Email: jskravitz@foxrothschild.com
5  Email: achen@foxrothschild.com

6  Attorneys for Defendant
   LIFEGUARD HEALTH, LLC
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11

12 | STARLIGHT INTERNATIONAL, LTD. | Case No. 08-01894 RS MED
   | LP, a California Limited Partnership |
13 |                              | **CERTIFICATION AS TO**
   |       Plaintiff,             | **INTERESTED PARTIES**
14 |                              |
   |       v.                     |
15 |                              |
   | Lifeguard Health, LLC, a Delaware |
16 | Limited Liability Company,   |
17 |       Defendant.             |

18
19
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28

---
CERTIFICATION AS TO INTERESTED PARTIES
1

LA1 8422v1 08/08/08

1 | The undersigned, counsel of record for defendant Lifeguard Health, LLC, certifies that the following listed parties may have a pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

1. Lifeguard Health, LLC

August 8, 2008                              FOX ROTHSCHILD LLP

                                            By:  /Alan C. Chen/
                                                 Jeffrey S. Kravitz
                                                 Alan C. Chen
                                                 Attorneys for Defendant
                                                 LIFEGUARD HEALTH, LLC

---

CERTIFICATION AS TO INTERESTED PARTIES
2

LA1 8422v1 08/08/08