DAVID G. FREEDMAN (Bar No. 81989)
Attorney at Law
1800 Century Park East, 8th Fl.
Los Angeles, California 90067
Telephone: (310) 553-2121
Facsimile: (310) 553-2111
E-mail: dgf@dfreedman.net
Attorney for Plaintiff
STARLIGHT INTERNATIONAL, LTD. LP

JEFFREY S. KRAVITZ, (Bar No. 66481)
ALAN C. CHEN, (Bar No. 224420)
FOX ROTHSCHILD LLP
1801 Century Park East, Suite 1420
Los Angeles, California 90067
Telephone: (310) 556-8786
Facsimile: (310) 843-9910
Email: jskravitz@foxrothschild.com
Email: achen@foxrothschild.com

Attorneys for Defendant
LIFEGUARD HEALTH, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| STARLIGHT INTERNATIONAL, LTD. LP, a California Limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>LIFEGUARD HEALTH, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. C08-01894 RS<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Plaintiff Starlight International, Ltd. LP and defendant Lifeguard Health, LLC hereby submit their joint case management statement:

1. **Jurisdiction and Service**

The Court's subject matter jurisdiction over Plaintiff's claims is based on 15 U.S.C. §1121 and 28 U.S.C. §1338(a) in that this case arises under the trademark laws of the United States, 15 U.S.C. §§1051 *et seq*. The Court has subject matter jurisdiction over Plaintiff's common law trademark infringement and unfair competition claims under the provisions of 28 U.S.C. §1338(b) in that such claims are joined with a substantial and related claim under the trademark laws of the United States.

On May 19, 2008, Defendant filed a motion to dismiss for lack of personal jurisdiction. On July 22, 2008, the Court denied Defendant's motion to dismiss.

No parties remain to be served.

2. **Facts**

Plaintiff is engaged in the business of marketing and selling dietary supplements and is the owner of the registered trademarks "LIFEGUARD," "LIFEGUARD JUNIOR," and "LIFEGUARD JOINT FORMULA" which it uses in connection with the sale of its products. Plaintiff adopted these marks in 1994 and 1996 and the marks were registered in the United States Patent and Trademark Office in 2001 and 2002. Plaintiff has continuously used the marks to identify its products and to distinguish them from those made and sold by others.

Defendant operates a web site under the name, "Lifeguardforlife.com," and uses the trade name "LifeGuard Health, LLC" to sell and advertise dietary supplements. Defendant's dietary supplements are based on Omega-3 essential fatty acids and are named based on the Omega-3 content. Defendant's products include, but are not limited to, "Omega Essentials," "Eye Omega Advantage," and "Cardio Omega Benefits." In contrast, Plaintiff's "LIFEGUARD" products are based on antioxidants unrelated to Omega-3 essential fatty acids.

The principal factual disputes include the nature and scope of Defendant's use of the "LifeGuard" mark; whether Defendant's use of the mark is likely to cause and has caused

confusion, mistake, and deception; and the profits derived by Defendant by its use of the "LifeGuard" mark.

### 3. **Legal Issues**

The principal legal disputes include whether Defendant's use of "LifeGuard" as its trade name since 2006 constitutes trademark infringement under the Lanham Act and common law and unfair competition under California Business & Professions Code §§17200, and whether Plaintiff is entitled to any injunctive relief.

### 4. **Motions**

On May 19, 2008 Defendant filed a motion to dismiss for lack of personal jurisdiction and, on July 22, 2008, the Court denied the motion.

Plaintiff intends to file a motion for a preliminary injunction.

### 5. **Amendment of Pleadings**

Parties, claims, and defenses are not expected to be added or dismissed.

### 6. **Evidence Preservation**

The parties have directed their officers, employees, and agents to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

### 7. **Disclosures**

The parties have fully and timely complied with the initial disclosure Requirements of Fed. R. Civ. P. 26. The disclosures have included names of witnesses and documents.

### 8. **Discovery**

There has been no discovery taken to date. The parties have filed a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

### 9. **Class Action**

Not Applicable.

**10.   Related Cases**

There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**11.   Relief**

The complaint seeks (a) an injunction enjoining defendant from using the name "Lifeguard" or any mark, word, or name similar to plaintiff's marks which are likely to cause confusion or mistake or to deceive, and ordering that all labels, packages and advertisements in defendant's possession bearing the mark "Lifeguard" be delivered and destroyed; (b) an accounting for all profits derived by defendant from the sale of its goods bearing the infringing marks; and (c) reasonable attorney fees and costs.

**12.   Settlement and ADR**

The parties agreed to and have engaged in direct settlement negotiations. In addition, the Court has entered an order referring the matter to mediation. There is no discovery or motion necessary to position the parties to negotiate a resolution.

**13.   Consent to Magistrate Judge For All Purposes**

The parties have consented to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.   Other References**

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   Narrowing of Issues**

The parties do not believe issues can be narrowed by agreement or by motion, do not presently have suggestions to expedite the presentation of evidence at trial, and do not have any requests to bifurcate issues, claims, or defenses.

**16.   Expedited Schedule**

This is not the type of case that can be handled on an expedited basis with streamlined procedures.

**17. Scheduling**

The parties propose:

| | |
|---|---|
| Non-expert discovery completion date: | January 30, 2009 |
| Date for designation of experts: | January 16, 2009 |
| Expert discovery completion date: | February 27, 2009 |
| Hearing of dispositive motions: | No later than March 27, 2009 |
| Pretrial conference: | April 3, 2009 |
| Trial: | April 14, 2009 |

**18. Trial**:

Plaintiff has demanded a jury trial except as to its claims for equitable relief. The expected length of trial is three days.

**19. Disclosure of Non-party Interested Entities or Persons**

Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. Starlight International, Ltd. LP and Lifeguard Health, LLC are the only entities known to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Dated: August 11, 2008

/s/ David G. Freedman
David G. Freedman
Attorney for Plaintiff
Starlight International, Ltd. LP

Dated: August 11, 2008

Jeffrey S. Kravitz
Alan C. Chen
FOX ROTHSCHILD LLP
Attorneys for Defendant
Lifeguard Health, LLC

5
JOINT CASE MANAGEMENT STATEMENT
CASE NO. C08-01894 RS

LA1 8369v2 08/11/08

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARLIGHT INTERNATIONAL, LTD. LP, a California Limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>LIFEGUARD HEALTH, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. C08-01894 RS<br><br>**[PROPOSED] CASE MANAGEMENT ORDER** |

On August 13, 2008, the parties appeared for a Case Management Conference. Based on the parties' Joint Case Management Statement and the discussion held at the Conference, the court orders as follows:

**1.   MEDIATION**

Pursuant to the parties' stipulation, this matter has been referred to private mediation to be completed by October 7, 2008. The parties shall promptly notify the Court whether the case is resolved at the mediation.

**2.   DISCOVERY**

On or before January 30, 2009, all non-expert discovery shall be completed by the parties.

1    Any discovery requests pursuant to Rules 33, 34, 35, 36 and 45 of the Federal Rules
2  of Civil Procedure shall be served far enough in advance so that responses to written
3  discovery shall be due, as provided in said rules, no later than the discovery completion date.
4  All depositions shall be concluded by the discovery completion date.

5    The presumptive limits on discovery set forth in the Federal Rules of Civil Procedure
6  shall apply.

7    **3.    EXPERT WITNESSES**

8    The disclosure and discovery of expert witness opinions shall proceed as follows:

9        a.    On or before January 16, 2009, plaintiff shall disclose expert testimony
10 and reports in accordance with Rule 26(a)(2), F.R.Civ.P.

11       b.    On or before January 30, 2009, defendant shall disclose expert
12 testimony and reports in accordance with Rule 26(a)(2), F.R.Civ.P.

13       c.    On or before February 27, 2009, all discovery of expert witnesses
14 pursuant to Rule 26(b)(4), F.R.Civ.P. shall be completed.

15   **4.    PRETRIAL MOTIONS**

16   All pretrial motions must be filed and served pursuant to Civil Local Rule 7.  All
17 pretrial motions shall be heard no later than March 27, 2009.

18   **5.    PRETRIAL STATEMENTS**

19   At a time convenient to both, counsel shall meet and confer to discuss preparation of a
20 joint pretrial statement and on or before April 1, 2009, counsel shall file a Joint Pretrial
21 Statement.

22   **6.    PRETRIAL CONFERENCE**

23   The final pretrial conference will be held on April 3, 2009, at 2:30 p.m., in Courtroom
24 4 at the United States Courthouse, 280 S. First Street, San Jose, California.  Each lead
25 counsel who will try the case shall attend personally.

26 / / /
27 / / /
28 / / /

1    **7.    TRIAL DATE**

2    Jury trial shall commence on April 14, 2009, at 9:00 a.m., in Courtroom 4, United

3    States Courthouse, San Jose, California.

4    IT IS SO ORDERED.

5    Dated: August ___, 2008

6

7                                                                        _____
                                                                         United States Magistrate Judge

1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| STARLIGHT INTERNATIONAL, LTD. LP, a California Limited Partnership, | CASE NO. C08-01894 RS |
|---|---|
| Plaintiff, | **[PROPOSED] CASE MANAGEMENT ORDER** |
| v. | |
| LIFEGUARD HEALTH, LLC, a Delaware limited liability company, | |
| Defendant. | |

On August 13, 2008, the parties appeared for a Case Management Conference. Based on the parties' Joint Case Management Statement and the discussion held at the Conference, the court orders as follows:

1. **MEDIATION**

Pursuant to the parties' stipulation, this matter has been referred to private mediation to be completed by October 7, 2008. The parties shall promptly notify the Court whether the case is resolved at the mediation.

2. **DISCOVERY**

On or before January 30, 2009, all non-expert discovery shall be completed by the parties.

1  Any discovery requests pursuant to Rules 33, 34, 35, 36 and 45 of the Federal Rules
2  of Civil Procedure shall be served far enough in advance so that responses to written
3  discovery shall be due, as provided in said rules, no later than the discovery completion date.
4  All depositions shall be concluded by the discovery completion date.

5  The presumptive limits on discovery set forth in the Federal Rules of Civil Procedure
6  shall apply.

7  **3.    EXPERT WITNESSES**

8  The disclosure and discovery of expert witness opinions shall proceed as follows:

9  a.    On or before January 16, 2009, plaintiff shall disclose expert testimony
10  and reports in accordance with Rule 26(a)(2), F.R.Civ.P.

11  b.    On or before January 30, 2009, defendant shall disclose expert
12  testimony and reports in accordance with Rule 26(a)(2), F.R.Civ.P.

13  c.    On or before February 27, 2009, all discovery of expert witnesses
14  pursuant to Rule 26(b)(4), F.R.Civ.P. shall be completed.

15  **4.    PRETRIAL MOTIONS**

16  All pretrial motions must be filed and served pursuant to Civil Local Rule 7.  All
17  pretrial motions shall be heard no later than March 27, 2009.

18  **5.    PRETRIAL STATEMENTS**

19  At a time convenient to both, counsel shall meet and confer to discuss preparation of a
20  joint pretrial statement and on or before April 1, 2009, counsel shall file a Joint Pretrial
21  Statement.

22  **6.    PRETRIAL CONFERENCE**

23  The final pretrial conference will be held on April 3, 2009, at 2:30 p.m., in Courtroom
24  4 at the United States Courthouse, 280 S. First Street, San Jose, California.  Each lead
25  counsel who will try the case shall attend personally.

26  / / /
27  / / /
28  / / /

**7.     TRIAL DATE**

Jury trial shall commence on April 14, 2009, at 9:00 a.m., in Courtroom 4, United States Courthouse, San Jose, California.

IT IS SO ORDERED.

Dated: August ___, 2008

_____
United States Magistrate Judge